[791 NYS2d 51]

In the Matter of SAMUEL TANNENBAUM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 10, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral L. Bratton* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Samuel Tannenbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on March 30, 1949. Respondent is also admitted to practice in the State of Connecticut. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) immediately suspending respondent from the practice of law based upon uncontested evidence of professional misconduct involving estate funds.

Respondent was the executor of an estate from 1999 until his removal in 2004. The complaint alleges that respondent systematically looted the assets of the estate by writing checks to himself and for his benefit from the estate bank account. These allegations are supported by detailed bank records and copies of checks from the estate bank account.

In a one-page letter to the Committee in response to the complaint filed against him, respondent avers that he took the money for "fees" and that the "matter is before the Surrogate's Court in New York County." No supporting documentation for this claim was submitted. Worse, respondent lied to the Committee, as shown by New York County Surrogate's Court records which demonstrate that there is no accounting proceeding pending before that court.

Section 603.4 (e) (1) (iii) provides in pertinent part that an "attorney who is the subject of an investigation, or of charges by the . . . Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest[, including] . . . (iii) other uncontested evidence of professional misconduct . . . ."

There is ample documentary evidence submitted herein which clearly demonstrated that from 2001 to 2004 respondent depleted the estate account by repeatedly writing checks to himself for sums in excess of $320,000. Respondent's unsupported allegations that these checks were for "fees," exacerbated by his lie to the Committee about a pending accounting action in New York County Surrogate's Court, does nothing to contradict the documents in support of this application.

The Committee has presented clear, uncontested evidence of respondent's professional misconduct which immediately threatens the public interest. We have consistently held that im-

mediate suspension is appropriate for this type of serious professional misconduct (*see Matter of Pape*, 10 AD3d 40 [2004]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted and respondent suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded, and until further order of this Court.

FRIEDMAN, J.P., MARLOW, NARDELLI, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of the Court.