[794 NYS2d 370]

In the Matter of LESLIE S. KOHN (Admitted as LESLIE STEVEN KOHN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 10, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Leslie S. Kohn*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Leslie S. Kohn was admitted to the practice of law in the State of New York by the First Judicial Department on February 27, 1978 and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law, until further order of this Court, based upon substantial admissions made under oath that he has committed professional misconduct, as well as other evidence of professional misconduct.

In April 2004, the Committee received a complaint from an attorney who had represented the prospective purchaser of a cooperative apartment owned by respondent's client. The complainant stated that after his client's application was declined by the cooperative board, he demanded the return of the $82,000 deposit held by respondent in escrow, but respondent ignored the written demand and avoided his phone calls. Respondent, a few weeks later, tendered a check from his IOLA account for the full outstanding amount, but it was returned for insufficient funds. Respondent subsequently forwarded a bank check in the amount of $74,000, and a check from his IOLA account for $8,000, the latter of which was also returned for insufficient funds.

Respondent, in his answer, neglected to address the shortfall in his IOLA account or the dishonored checks, and instead focused on reasons for the delay, including two occasions where he claimed that he intended to send a check by overnight mail but failed to do so because he was in a rush to catch a train. The Committee thereafter opened a sua sponte investigation into respondent's handling of his IOLA account and respondent was asked to furnish, inter alia, records of all deposits and withdrawals from his special account, as well as all checkbooks, bank statements and canceled checks.

Respondent, however, only produced his bank statements and canceled checks from the IOLA account concerning the $82,000 deposit; no other records were produced for his special account indicating the amount of deposits or withdrawals, or the identity of persons for whom he held funds, or to whom he disbursed

funds. The bank statements respondent did produce indicate that after he deposited the $82,000, he made disbursements to himself over the course of the following two months from the IOLA account totaling $16,200. The Committee requested that respondent explain the shortfalls and the withdrawals from the account, including deposits made by respondent of his own personal funds into the IOLA account. Respondent was also directed to contact the Committee to arrange for a deposition and production of records.

Respondent failed to contact the Committee, or provide a written explanation, and the Committee subsequently served him with a judicial subpoena scheduling his deposition and requesting the production of records required to be maintained by Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). The Committee also issued a subpoena to respondent's bank requesting production of respondent's IOLA account records.

Respondent appeared at the deposition, pro se, and admitted, under oath, that he withdrew funds from his IOLA account, payable to himself, and used $3,304 of those funds to refund fees to former clients who had no connection to the cooperative sale, and misappropriated the balance for his personal use. Respondent further acknowledged that he did not have permission from the complainant, nor complainant's client, to make those withdrawals. Respondent testified that he deposited $9,200 of his personal funds into his IOLA account to partially offset his unauthorized withdrawals. The bank records subpoenaed by the Committee substantiate respondent's testimony.

The Committee now maintains that respondent's admissions under oath and the other uncontested evidence of misconduct, i.e. the bank records, establish that respondent intentionally converted client funds from his IOLA account for his own use in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3) and DR 9-102 (a). In addition, the Committee asserts that respondent's initial answer to the Committee may have been misleading in that he failed to explain the reason for the returned checks and made affirmative misrepresentations as to why he delayed remitting the monies due.

Respondent, in opposition to the Committee's motion, argues that: his conduct does not immediately threaten the public interest; he has sought medical and psychiatric attention, and has been diagnosed with adult ADD and clinical depression, for which he now takes medication, resulting in more productivity

at work; he is willing to stipulate that he will not engage in any transactions requiring him to hold money in escrow; and an interim suspension would interfere with his transition plan which includes his enrollment in a Master's in Teaching program, with a view toward employment in September 2005.

The Committee, in response, contests respondent's claim that his continued practice does not pose an immediate threat to the public, and notes that it has commenced another investigation into respondent's apparent misappropriation of funds from an IOLA account he maintained at a different bank. The Committee states that the Lawyers' Fund for Client Protection notified the Committee that one of respondent's IOLA checks had been returned for insufficient funds, and that bank records indicate respondent made withdrawals totaling $29,450, and wrote a check for $2,886, which the bank dishonored due to insufficient funds, all after he submitted his answer in this matter. Further, respondent has failed to explain to the Committee the circumstances of these withdrawals, despite having been requested to do so by October 10, 2004, approximately five months before the return date of this motion.

We conclude, therefore, that respondent's sworn admissions, coupled with the uncontested documentary evidence, unequivocally establishes that respondent converted client funds for his own use and that he committed serious professional misconduct posing an immediate threat to the public interest, and that such misconduct warrants an interim suspension (22 NYCRR 603.4 [e] [1] [ii], [iii]; *see also Matter of Wertis*, 307 AD2d 15 [2003]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law until such time as disciplinary proceedings have been concluded and until further order of this Court.

ELLERIN, J.P., NARDELLI, WILLIAMS, GONZALEZ and SWEENY, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.