[826 NYS2d 50]

# In the Matter of JOSE R. MARTINEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 14, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jose R. Martinez was admitted to the practice of law in the State of New York by the Second Judicial Department on June 20, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law until further order of the Court, based upon respondent's admission under oath that he has committed acts of professional misconduct and upon other uncontested evidence of professional misconduct posing an immediate threat to the public interest. In addition, respondent is delinquent in payment of his attorney registration fees.

On or about January 19, 2006, the Committee received a complaint against respondent from one of his clients. The client alleged respondent had misappropriated funds that he had received on his client's behalf and was obligated to hold for him in escrow. Respondent was unable to return the funds on demand, and instead gave the client a promissory note for $20,000.

Respondent answered the complaint and acknowledged that on December 2, 1996, he deposited into his escrow account $45,000 belonging to his client. According to respondent, his client wanted the funds available for possible future real estate transactions. Respondent admitted that the funds were supposed to be held intact solely for the client's benefit. However, when the client demanded the money in December 1998, the client agreed that respondent could repay him over time. Respondent further admitted he gave his client a $20,000 promissory note for the unpaid balance, but denied doing so to conceal his professional misconduct. Respondent also claimed that he and his client recently agreed to a repayment schedule.

Respondent did not produce the escrow and trust bank records that the Committee requested, but the bank produced them pursuant to subpoena. The monthly bank statements showed that from December 2, 1996 through August 4, 1997, respondent made 25 disbursements from the escrow account totaling $82,548.17, causing on many occasions the account balance to fall below the minimum amount required to be held in escrow

on behalf of this client ($39,000)* and even at one point showing a negative balance. From August 1997 until November 20, 1997, when respondent closed the escrow account, the balance fell below the amount he was required to hold for this client on multiple occasions. When respondent closed the account, he negotiated a check to "cash" in the sum of $2,451.58, which was the remaining balance in the account.

Other disbursements from the escrow account included several payments totaling $7,925 made out to respondent for legal fees, but he was unable to recall the client, the nature of the work, or the type of work performed and several disbursements totaling $68,623.71 made out to other clients and third parties.

Respondent admitted that he was unable to return his client's funds when demanded in December 1998, but could not explain why, other than to state that he had not kept the funds intact because they were disbursed to other clients or third persons. When asked whether he made those disbursements with his client's knowledge, permission or authority, he responded that he could not remember or did not know. Respondent explained that he had trouble keeping track of escrow funds held on behalf of different clients.

We conclude that the Committee has demonstrated, through uncontested documentary evidence and respondent's admissions, that respondent has committed professional misconduct posing an immediate threat to the public interest, and that an interim suspension is therefore warranted pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) (see Matter of Wertis, 307 AD2d 15 [2003]). Respondent admitted that he did not safeguard client or third party funds as required under Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46); he failed to produce records for the time period in question; he admitted under oath that he failed to keep the complainant's funds intact because he disbursed them to other clients, to himself, and to third parties; and he failed to keep current with his attorney registration fees. Although served with this motion for interim suspension, respondent submitted no response.

As the record shows, respondent could not establish the validity of the fees he paid himself and the other disbursements from his escrow account. His misappropriation of client funds constitutes serious misconduct for which he should immediately be suspended in defense of the public interest (id.).

---

* Shortly after respondent deposited his client's $45,000 into escrow, he, pursuant to his client's instructions, made two disbursements totaling $6,000.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded and until further order of this Court.

Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.