[831 NYS2d 58]

In the Matter of CHASE A. CARO (Admitted as CHASE ARTHUR CARO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 1, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Kostelanetz & Fink, LLP* (*Sharon L. McCarthy* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Chase A. Caro was admitted to the practice of law in the State of New York by the Second Judicial Department on December 5, 1990 as Chase Arthur Caro and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law, until further order of this Court, based upon uncontested evidence of professional misconduct.

In December 2006, a disciplinary complaint was filed by two former clients, Frank and Francesca Salvi, of respondent with the Grievance Committee for the 9th Judicial District. The Salvis claimed that respondent, who represented them in connection with the sale of a business to another party, failed to turn over the sale proceeds, i.e., $354,900, and did not account for the whereabouts of those funds. That complaint was transferred to the Committee. The Committee ascertained that respondent has failed to tender the majority of the sale proceeds—approximately $311,825—to the Salvis. The Committee also ascertained that respondent failed to deposit into an escrow or IOLA account two of the three checks tendered by the purchaser of the Salvis' business. Rather, respondent deposited those two checks, totaling $319,900, into his business account. The third check, which accounted for the remaining $35,000 of the sale proceeds, is still being traced.

In January 2007, the Committee instituted a sua sponte investigation into respondent's conduct in representing another former client, Herbert Newkirk. This investigation was prompted by the filing of a felony complaint, by the Westchester County District Attorney's Office, charging respondent with grand larceny in the second degree. Respondent represented Newkirk in an action that was resolved by a settlement agreement under which Newkirk was to receive $470,143.05. A check in that amount was tendered by opposing counsel to respondent, who deposited the check in his business account. Respondent, who apparently used the funds to pay personal and business expenses, failed to remit to Newkirk his portion of the

settlement proceeds. Respondent, through counsel, consents to his immediate suspension from the practice of law.

Based upon the uncontested documentary evidence submitted by the Committee, which demonstrates that respondent converted client funds and that he committed serious professional misconduct posing an immediate threat to the public interest, we conclude that an immediate suspension is warranted (22 NYCRR 603.4 [e] [1] [iii]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded and until further order of this Court.

NARDELLI, J.P., WILLIAMS, BUCKLEY, CATTERSON and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.