[836 NYS2d 591]

In the Matter of JUAN A. BAEZ, an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-CIAL DEPARTMENT, Petitioner.

First Department, May 29, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Michael S. Ross* (*Pery D. Krinsky* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Juan A. Baez, was admitted to the practice of

law in the State of New York by the Second Judicial Department on June 20, 1990. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) immediately suspending respondent from the practice of law until further order of this Court, based upon uncontested evidence of serious professional misconduct immediately threatening the public interest.

In November 2004, a client retained respondent to represent him in the sale of real property. On November 17, the purchaser entrusted respondent, as escrow agent, with a check for a down payment in the amount of $30,000. Nevertheless, according to bank records, on November 23 respondent deposited that check into his business account, rather than his IOLA account or any other escrow account. At the closing, on February 18, 2005, the client issued respondent a check in the amount $39,270 for the payment of the property tax, which respondent deposited in his business account, not an escrow account. By notice dated February 24, the bank advised respondent that the check had been dishonored, and the next day the client wire transferred $40,000 into respondent's business account.

On or about March 11, 2005, respondent wrote a check drawn on his IOLA account in the amount of $37,664.86, made payable to the New York State Department of Taxation and Finance for the client's property tax. The check was dishonored, since the balance in respondent's IOLA account in March 2005 never exceeded $106.54; as late as November 30, 2006, the balance in that account remained at $106.

Over one year later, on June 20, 2006, respondent issued a check in the amount of $100,000 from his business account to the client, but that check was also dishonored, since the balance in the account never exceeded $14,528.58 from June 13 to July 13, 2006. From that period through at least November 2006, the business account regularly showed negative balances, and numerous checks drawn thereon were dishonored. On June 30, 2006, respondent wrote a check on his IOLA account for $30,000, payable to the client, but he stopped payment before the client could negotiate it, since the balance was only $106.

We conclude that the Committee has demonstrated, through uncontested documentary evidence and respondent's deposition testimony, that respondent converted $70,000 of client funds for his personal use and failed to make any effort to return the

funds other than by writing two worthless checks. Therefore, an interim suspension pursuant to 22 NYCRR 603.4 (e) (1) (iii) is warranted (*see Matter of Caro*, 40 AD3d 43 [2007]; *Matter of Newman*, 35 AD3d 23 [2006]; *Matter of Kohn*, 18 AD3d 96 [2005]), and, indeed, is unopposed by respondent.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded and until further order of this Court.

TOM, J.P., WILLIAMS, BUCKLEY, GONZALEZ and SWEENY, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.