[838 NYS2d 779]

In the Matter of JOSE R. MARTINEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 19, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jose R. Martinez was admitted to the practice of law in the State of New York by the Second Judicial Department on June 20, 1984. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In a previous order, this Court immediately suspended respondent, until further court order, from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) based upon his admission under oath that he committed acts of professional misconduct (*Matter of Martinez*, 37 AD3d 103 [2006]). In addition, according to the Office of Court Administration, respondent is delinquent in his biennial registration for the periods 2004/2005 and 2006/2007.

The Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. An attorney who is the subject of an investigation or pending disciplinary proceeding may resign from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign (*see* 22 NYCRR 603.11 [a]).

Respondent avers his resignation is voluntary, free from coercion and duress, and he is fully aware of the implications of submitting his resignation. Respondent acknowledges that he is the subject of formal charges, in connection with his attorney escrow account after a client filed a complaint alleging that respondent had failed to promptly return approximately $50,000 of the client's funds, which respondent had deposited into his escrow account. Respondent admits that he would be unable to successfully defend himself on the merits against all of the Committee's charges which alleged that (1) respondent knowingly used his client's funds to return funds owed to other clients and third parties, to pay business expenses of his firm, and for his own personal expenses in violation of Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (a) (22 NYCRR 1200.3, 1200.46); (2) respondent issued a check to "cash" in violation of DR 9-102 (e); and (3) respondent failed to promptly return client funds in violation of DR 9-102 (c) (4). The Committee advises this Court that there are no other outstanding complaints against respondent and the Lawyers' Fund for Cli-

ent Protection has only one claim pending, regarding this escrow violation, for which respondent has made partial restitution. Respondent takes full responsibility for his actions, promises to make full restitution and cooperate fully with the Court and the Committee "to assure that the public is fully protected and no party further damaged." Finally, respondent contends that he has not engaged in the practice of law since his suspension.

Respondent's affidavit of resignation complies with the requirements of 22 NYCRR 603.11. Accordingly, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to April 24, 2007.

TOM, J.P., MARLOW, SULLIVAN, McGUIRE and MALONE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 24, 2007.