[853 NYS2d 18]

In the Matter of HOWARD L. BLAU, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 5, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Gary S. Fish* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Howard L. Blau was admitted to the practice of law in New York by the Second Judicial Department on October 14, 1970. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

By motion dated June 20, 2007, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law based upon substantial admissions under oath and uncontested evidence of professional misconduct involving the misappropriation or intentional conversion of client and third-party funds. The Committee contends that respondent's sworn admissions of misconduct, and the uncontested documentary evidence of his misappropriation and conversion of funds, establish that he poses an immediate threat to the public interest, which mandates the imposition of an interim suspension from the practice of law.

The Committee submits bank records tending to show that, from January 9, 2006 until March 31, 2006, respondent misappropriated and converted $317,730.55 belonging to the estate of Marilyn Mitnick, which he had been retained to represent in February 2005. While respondent claims that a portion of the monies he withdrew were attributable to his agreed fee of 5% of the estate's gross value, the executrix denies having agreed to any such fee, and, in any event, the Committee demonstrates that the sum total of the estate funds disbursed by respondent far exceeded the amount to which he would have been entitled under the alleged undocumented fee agreement. In this regard, the Committee points to the draft of the estate tax return respondent prepared, which lists his legal fee as $63,916. The Committee also presents evidence that, in connection with respondents' representation of Barry and Linda Lustig in the sale of their home, respondent has not accounted for his disposition of the purchaser's $93,000 deposit or for a discrepancy of approximately $300,000 between the amount of sales proceeds he received from the purchaser and the amount he remitted to the Lustigs. In addition, the Committee presents evidence that respondent misappropriated a $53,000 deposit payment he received on behalf of another client in connection with an aborted real estate transaction. Finally, the Committee presents evidence that respondent improperly used his IOLA account to pay personal expenses on various occasions.

In opposition, respondent's counsel argues that, while respondent may have commingled funds due to negligent recordkeep-

ing, he did not act with intent to deceive; that respondent has an otherwise unblemished record; that he has made restitution; and that any sanction should be limited to an admonition or censure. Counsel fails, however, to address the actual transactions upon which the Committee's motion is based. In particular, respondent has not explained his payment of more than $300,000 of the Mitnick estate's funds directly to himself, which he then used for purposes unrelated to the estate.

We reject counsel's assertion that respondent has fully accounted for his disbursements of the estate's funds. The copies of checks in the record, which counsel claims to constitute an adequate accounting of respondent's handling of the estate's funds, show only the payees, and do not indicate the legal matters, if any, to which the payments were related. Thus, respondent has not fully accounted for his disbursements involving the estate.

Respondent also fails to address the Committee's allegations involving respondent's apparent misconduct in connection with the Lustig transaction, and the evidence demonstrating his apparent misappropriation of the $53,000 deposit he received in connection with the aborted real estate transaction. With respect to respondent's improper use of his IOLA account to pay personal expenses, counsel offers mitigating evidence to argue for an admonition or censure. However, such arguments are misplaced at this juncture, where the issue is whether to impose an interim suspension.

The record also establishes that respondent failed to comply with his obligation to document his fee arrangement with the executrix of the Mitnick estate, which failure has generated the present dispute concerning the amount of his fee in that matter. While counsel contends that respondent was not obligated to reduce the fee arrangement with the estate to writing because it did not involve a contingency fee (*see* Code of Professional Responsibility DR 2-106 [22 NYCRR 1200.11]), this ignores the applicability of 22 NYCRR 1215.1, which requires an attorney undertaking a matter in which fees are expected to reach $3,000 to send the client a written letter of engagement containing, inter alia, an "[e]xplanation of attorney's fees to be charged, expenses and billing practices," or, alternatively, to enter into a signed written retainer agreement addressing such matters. In fact, respondent admitted at his deposition that he failed to comply with 22 NYCRR 1215.1.

At a minimum, the documentary evidence establishes that respondent withdrew more money than he would have been

entitled to receive even if he and the executrix made the fee agreement he alleges. Moreover, the bank records show that respondent failed to maintain intact funds belonging to other clients in his escrow account, and that he used funds from the Mitnick estate in connection with matters unrelated to the estate and to pay personal expenses. Respondent's various explanations are insufficient to overcome the documentary evidence showing his misuse of client and third-party funds.

Further, the scienter necessary to sustain a charge of intentional conversion is established by evidence that an attorney, with knowledge that he did not have permission or authority to withdraw client or third-party funds, used those funds for the attorney's own purposes (*see Matter of Kirschenbaum*, 29 AD3d 96, 100 [2006]). Here respondent admitted at his deposition that he did not have permission to transfer the Mitnick estate funds to his IOLA account, and that he nonetheless disbursed those funds to pay his personal expenses immediately after transferring them to the IOLA account. Moreover, even if respondent intended to repay the funds when he took them, and notwithstanding that he apparently has repaid some portion of the funds and (as reflected in a recent stipulation with the executrix) intends to return an additional $68,516.15, this does not necessarily negate the evidence that respondent acted with venal intent when he misappropriated the funds (*see id.*).

In sum, based upon respondent's admissions made during his deposition, as well as the substantial documentary evidence of his mishandling and misappropriation of client and third-party funds, and in light of his failure to date to establish his legal entitlement to those monies, we conclude that respondent is guilty of professional misconduct immediately threatening the public interest and should be immediately suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) (*see Matter of Caro*, 40 AD3d 43 [2007]; *Matter of Cherry*, 39 AD3d 123 [2007]; *Matter of Martinez*, 37 AD3d 103 [2006]; *Matter of DeGrasse*, 36 AD3d 126 [2006]; *Matter of Newman*, 35 AD3d 23 [2006]; *Matter of Tannenbaum*, 16 AD3d 66 [2005]; *Matter of Wertis*, 307 AD2d 15 [2003]; *Matter of Butler*, 241 AD2d 263 [1998]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

SAXE, J.P., FRIEDMAN, BUCKLEY, CATTERSON and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.