[880 NYS2d 276]

In the Matter of BARRY SISKIN, an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-CIAL DEPARTMENT, Petitioner.

First Department, June 4, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Nicole Corrado* of counsel), for petitioner.

*Barry Siskin,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent, Barry Siskin, was admitted to the practice of law in the State of New York by the Second Judicial Department on June 25, 1980. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.

The Departmental Disciplinary Committee is now seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law based on failure to cooperate with the Committee's investigation and allegedly uncontested evidence of misconduct that threatens the public interest.

The Committee's accountant prepared accounting schedules for respondent's escrow accounts held at HSBC and Citibank. A review of those schedules shows that between December 2007 and April 2008 there were five cash withdrawals totaling $17,000 and numerous checks written to Barry Siskin, Esq. from his HSBC escrow account. There were also transfers from his Citibank escrow account to his HSBC account. When asked to explain these transactions, respondent testified that his former accountant was the only one who could explain these transactions and that he was unable to engage an accountant at this time.

Moreover, bank statements from respondent's HSBC account showed that on October 25, 2007 he had at least $100,692.45 in his escrow account which represented funds he was required to maintain on behalf of five clients. However, five days later, the balance in his account had decreased to $97,430.51. On December 4, 2007, before respondent wrote a check to one of the five clients, the balance in his account had dropped to $75,104.98. In addition, respondent was required to maintain a total of $87,813.25 on behalf of two other clients. However before respondent disbursed those clients their funds, his escrow account decreased, dropping as low as $51,664.31 on February 5, 2008. On the same day, February 5, 2008, respondent wrote a check for $40,000 from his Citibank escrow account and deposited it into his HSBC account.

Based on respondent's failure to respond to questions with respect to transfers from his escrow account and the unexplained decrease of funds, an immediate suspension from the practice of law is warranted (*see Matter of Blau*, 50 AD3d 240 [2008]; *Matter of Martinez*, 37 AD3d 103 [2006]; *Matter of Goldman*, 7 AD3d 18 [2004]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective im-

mediately, until such time as disciplinary proceedings have been concluded and until further order of this Court.

GONZALEZ, P.J., FRIEDMAN, SWEENY, RENWICK and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.