[909 NYS2d 411]

In the Matter of BARRY S. SISKIN (Admitted as BARRY SISKIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 12, 2010

APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Barry S. Siskin*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Barry S. Siskin was admitted to the practice of law in the State of New York by the Second Judicial Department on June 25, 1980. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.

Respondent was suspended from the practice of law on June 4, 2009 (65 AD3d 58 [2009]) for failing to respond to questions posed by the Departmental Disciplinary Committee concerning transfers from his escrow account and an unexplained decrease of funds in the account.

The Departmental Disciplinary Committee is now seeking an order: (1) pursuant to 22 NYCRR 603.4 (g), disbarring respondent from the practice of law on the ground that he was suspended and has not appeared or applied in writing to the Committee or Court for a hearing or reinstatement within six months of the issuance of the order of suspension; and (2) pursuant to 22 NYCRR 603.13 (g) for the appointment of an attorney to inventory respondent's files and to protect his former clients' interests.

The Departmental Disciplinary Committee alleges that in addition to respondent's failure to contact the Court or Committee, respondent did not fully comply with 22 NYCRR 603.13 (c) and (d) in that he was required to notify all of his clients about his interim suspension and either promptly advise those involved in litigated matters of the substitution of another attorney or move for leave to withdraw from pending proceedings. While respondent submitted an affidavit of compliance asserting that he complied with the Court's rules by sending a letter to clients advising them of his suspension and inability to practice law after June 4, 2009 and directing them to seek legal advice elsewhere, the Committee believes he failed to move to withdraw from any pending matters.

Since his suspension, 11 former clients and/or new counsel have sought help from the Committee in locating their case files, and the Committee's letters to respondent have gone unanswered or been returned. Also, 13 new disciplinary complaints filed with the Committee have not been answered. Respondent's submissions to the Court in response to this application have not addressed the Committee's current concerns, and are related to the unfortunate events leading up to the suspension.

■ Since six months have elapsed since this Court issued the order of suspension, and respondent has failed to appear or apply in writing to either the Committee or Court for a hearing or reinstatement, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys in the State of New York, effective immediately pursuant to 22 NYCRR 603.4 (g) (*Matter of Fletcher*, 70 AD3d 63 [2009]; *Matter of Kennedy*, 55 AD3d 169 [2008]).

The Committee's request for appointment of an attorney to oversee the return or transfer of client files is supported by the record of requests made to the Disciplinary Committee and respondent's nonresponsiveness to the Committee's inquiry.

■ Accordingly, that part of the petition seeking an order pursuant to 22 NYCRR 603.13 (g) should also be granted and an attorney appointed as receiver to inventory respondent's clients' files immediately and to take appropriate action to protect the interests of these clients (*Matter of De La Cruz*, 286 AD2d 112 [2001]).

GONZALEZ, P.J., FRIEDMAN, SWEENY, RENWICK and FREEDMAN, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Receiver appointed, as indicated.