OPINION OF THE COURT
Per Curiam.
Respondent John David Horenstein was admitted to the practice of law in the State of New York by the Second Judicial Department on March 1, 1995. At all times relevant to the misconduct which underlies this proceeding, he maintained an office for the practice of law within the First Judicial Department.
On January 19, 2012, the Departmental Disciplinary Committee (Committee) received a letter from respondent’s counsel wherein he informed the Committee that respondent had resigned from the law firm where he had served as a partner. Through counsel, respondent asserted that he had resigned insofar as he, without his firm’s knowledge, had billed the firm’s clients for expenses that were never actually incurred by the clients.
The Committee then commenced an investigation for professional misconduct, requesting billing records evincing the aforementioned false billing from both respondent and his prior firm. On March 22, 2012, respondent provided the Committee with the requisite billing records, identified the client who was falsely billed, and indicated that he would subsequently specify which of the charges indicated within the billing records were never actually incurred by the client. On April 5, 2012, respondent’s prior firm provided the Committee with the same billing records. In addition, by letter, respondent’s prior firm indicated that because respondent’s billing had been questioned by the client, it had conducted an investigation. Upon concluding its investigation, which included conversations with respondent, the firm determined that respondent’s fraudulent billing involved only one of the firm’s clients and occurred between February and July 2011. During that period, respondent took six trips to Dallas, Texas, for purely personal reasons but nevertheless, by submitting expense reports, billed virtually every expense he incurred in connection therewith to the firm’s client. When the firm asked respondent for an explanation, he confirmed that he had in fact billed the firm’s client for expenses not incurred by the client and which were instead purely personal. According to respondent’s prior firm, respondent fraudulently billed the firm’s client $40,203.18. By letters dated May 10 and 24, 2012, respondent, through counsel, confirmed *51 that but for minor discrepancies, the assertions made by his prior firm in its letter to the Committee were accurate.
The Committee now petitions this Court for an order pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law pending further order of this Court on grounds of uncontested evidence of respondent’s professional misconduct, which misconduct threatens the public interest. Respondent does not oppose the Committee’s application, reserving his right to be fully heard and present mitigation evidence at a later time.
Pursuant to 22 NYCRR 603.4 (e) (1),
“[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest.”
Misconduct will be found upon the existence of “other uncontested evidence of professional misconduct” (22 NYCRR 603.4 [e] [1] [iii]).
An attorney is guilty of professional misconduct immediately threatening the public interest such that suspension is warranted pursuant to 22 NYCRR 603.4 (e) (1) (iii) when he or she converts or misappropriates client funds for personal or business expenses (Matter of Kennedy, 87 AD3d 107, 109-110 [1st Dept 2011] [attorney suspended for depleting escrow account in order to pay for business and personal expenses]; Matter of Caro, 40 AD3d 43, 44 [1st Dept 2007] [attorney suspended when he deposited client funds into his business account and used those funds to pay for business and personal expenses]; Matter of Tannenbaum, 16 AD3d 66, 67 [1st Dept 2005] [attorney suspended when he repeatedly transferred funds to himself from an estate over which he was the executor]; Matter of Pape, 10 AD3d 40, 41 [1st Dept 2004] [attorney suspended when he submitted $45,000 in false expense and petty cash vouchers for purported client and firm-related expenses]).
Based on the foregoing, the Committee has presented uncontested evidence of professional misconduct, which conduct threatens the public interest. Specifically, the Committee’s evidence, which respondent contends is substantially accurate, *52 indicates that respondent converted and/or misappropriated client funds inasmuch as he billed his prior firm’s client $40,203.18 for legal fees not actually incurred by the client, which expenses respondent actually incurred for purely personal reasons (Matter of Pape at 41).
Accordingly, the Committee’s petition should be granted pursuant to 22 NYCRR 603.4 (e) (1) (iii), and respondent suspended from the practice of law, effective immediately, until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court.
Gonzalez, P.J., Saxe, Abdus-Salaam, Manzanet-Daniels and Román, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.