[972 NYS2d 234]

In the Matter of JOHN B. TODOROVICH (Admitted as JOHN BORA TODOROVICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 26, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Richard M. Maltz*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John B. Todorovich was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979 under the name John Bora Todorovich. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) seeks an order under Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), (iii) and (iv) immediately suspending respondent from the practice of law until further order of this Court, based upon evidence of professional misconduct posing an immediate threat to the public interest, including professional misconduct regarding both estate funds and respondent's attorney trust account.

On June 6, 2012, the Committee received notice from the Lawyers' Fund for Client Protection that a $300 check written on respondent's IOLA trust account was dishonored. At the Committee's request, respondent submitted documentation showing that the check had been dishonored because of a bank error. However, although the Committee had directed him to submit bookkeeping records for his attorney escrow account, respondent failed to provide any of those records, even when granted additional time to respond and even after several requests from the Committee.

In addition, the Committee contends that respondent misappropriated funds from various estates that he either represented or served as an executor, using the funds for reasons unrelated to the business of the estates. The Committee alleges that respondent deposited the misappropriated funds into his attorney trust account, his personal bank accounts, or the account of B.J.T. Consultants, Inc., a purported corporation that respondent controlled. The Committee further alleges that respondent used funds misappropriated from one estate to replenish the funds that he had improperly depleted from another estate. These allegations are supported by bank records and copies of checks from the various accounts.

In July 2011, Michael Taler, coexecutor with respondent of the estate of Dr. Tatjana Former (the Former estate), sought respondent's removal as coexecutor and requested that respon-

dent be surcharged $483,000 for misappropriations from the Former estate. In November 2012, Taler and respondent entered into a stipulation of settlement in which respondent agreed, among other things, to resign as coexecutor. Moreover, respondent executed a confession of judgment in the Former estate's favor in the amount of $246,000, as he had already paid back $237,925. To date, however, respondent has not paid this judgment.

In addition, respondent is delinquent in his attorney registration for two biennial periods. Although he promised to provide proof by May 2013 that he was current in his registration, he failed to do so. Respondent's failure to register is another independent ground for disciplinary action (see Matter of Banji, 106 AD3d 73, 76 [1st Dept 2013]; Matter of Auslander, 74 AD3d 93, 96 [1st Dept 2010]).

While respondent appears to have begun to cooperate with the Committee's investigation, substantial financial records are still missing and the record contains ample evidence that respondent misappropriated estate funds and misused his escrow account. Uncontested evidence also shows that respondent has failed to satisfy the confession of judgment that he executed in favor of the Former estate. Finally, as noted above, respondent has been delinquent in his attorney registration for two biennial periods. The Committee has therefore presented ample evidence of misconduct that sufficiently threatens the public interest to warrant interim disciplinary action (see Matter of Riley, 102 AD3d 109 [1st Dept 2012]; Matter of Blau, 50 AD3d 240 [1st Dept 2008]; Matter of Caro, 40 AD3d 43 [1st Dept 2007]). Indeed, we have held that immediate suspension is appropriate for this type of serious professional misconduct (see Matter of Tannenbaum, 16 AD3d 66, 67-68 [1st Dept 2005]).

Accordingly, the Committee's motion seeking to immediately suspend respondent from the practice of law under 22 NYCRR 603.4 (e) (i), (iii) and (iv) is granted, and respondent is suspended from the practice of law, effective immediately, until disciplinary proceedings have been concluded and until further order of this Court.

MAZZARELLI, J.P., ANDRIAS, SWEENY, SAXE and MOSKOWITZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

74

disciplinary matters pending before the Committee have been concluded and until further order of this Court.