[987 NYS2d 129]

In the Matter of Eugene C. Anyikwa (Admitted as Eugene Chidiebere Anyikwa), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 5, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Eugene C. Anyikwa*, respondent pro se, no appearance.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on October 18, 1999, under the name Eugene Chidiebere Anyikwa. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law, because he was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension. Respondent was suspended because he failed to cooperate with the Committee's investigation into three disciplinary complaints that alleged neglect and failure to communicate with clients.

Previously, by unpublished order entered December 14, 2012, this Court granted the Departmental Disciplinary Committee's motion for an order permitting service by publication in the New York Law Journal of the Committee's motion to suspend respondent on an interim basis. The notice was published in the New York Law Journal on January 14, 2013. Service was also made by mailing a copy of the motion to respondent's last known business and residential addresses. The Committe's notice of motion seeking respondent's interim suspension contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended under 603.4 (e) (1) and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent did not appear on the motion.

On June 6, 2013, this Court granted the Committee's motion to the extent of suspending respondent from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until further order of the Court (109 AD3d 76 [1st Dept 2013]). The Committee served respondent with a notice of entry

enclosing a copy of the Court's order of suspension, by mailing same to his last known business and residential addresses. The copy of the notice of entry was served by first-class mail and certified mail, return receipt requested.

Accordingly, inasmuch as more than six months have elapsed since this Court's June 6, 2013 suspension order and respondent has not appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately (*see Matter of Mainiero*, 109 AD3d 133 [1st Dept 2013]; *Matter of McGraw*, 107 AD3d 83 [1st Dept 2013]; *Matter of Siskin*, 78 AD3d 112 [1st Dept 2010]).

ACOSTA, J.P., RENWICK, MOSKOWITZ, FREEDMAN and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.