[647 NYS2d 216]

In the Matter of RAYMOND K. HSU (Admitted as RAYMOND KINGMAN HSU), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 24, 1996

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Raymond K. Hsu was admitted to the practice of

law in the State of New York by the Third Judicial Department on February 21, 1990, as Raymond Kingman Hsu. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) and 603.16 (b) (1) immediately suspending respondent from the practice of law until further order of this Court based upon substantial admissions by respondent, under oath, that he has committed acts of professional misconduct, and his acknowledgement, under oath, that he is actively addicted to cocaine.

22 NYCRR 603.4 (e) (1) provides:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or

"(iii) other uncontested evidence of professional misconduct."

The evidence presented by petitioner demonstrates that respondent has admitted, under oath, that he misappropriated to his own use client funds entrusted to him. Moreover, respondent has not contested the evidence presented by petitioner demonstrating that respondent failed to release to Ms. Xiu Lian Xu, a seamstress, $5,000 owed to her by her former employer and held in escrow by respondent, that three checks drawn on respondent's account were dishonored due to insufficient or uncollected funds, that respondent made frequent transfers from his escrow account, totalling over $123,000, without use of checks or bank transfers to a named payee, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46), and that respondent has failed to register with the Office of Court Administration since August 1994.

In light of respondent's admissions under oath and the uncontested evidence of egregious misconduct constituting an

immediate threat to the public interest, respondent should be suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1).

Moreover, 22 NYCRR 603.16 (b) (1) provides: "Whenever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants, this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including examination of the attorney by such qualified experts as this court shall designate. If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him on the ground of such disability for an indefinite period and until the further order of this court and any pending disciplinary proceedings against the attorney shall be held in abeyance."

Respondent has admitted, under oath, that he is addicted to cocaine and that the cost of this habit exceeded $100 per day. This admission establishes that respondent is incapacitated from continuing to practice law and thus provides an additional basis for his immediate suspension.

Accordingly, respondent should be suspended from the practice of law, effective immediately, and until further order of this Court, and all disciplinary proceedings should be held in abeyance until respondent provides evidence sufficient to establish that he is no longer using drugs.

MILONAS, J. P., ELLERIN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Application granted, and respondent suspended from the practice of law, effective immediately, and until the further order of this Court, and all disciplinary proceedings herein held in abeyance until respondent provides evidence sufficient to establish that he is no longer using drugs.