[688 NYS2d 36]

In the Matter of RAYMOND K. HSU (Admitted as RAYMOND KINGMAN HSU), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 6, 1999

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Raymond K. Hsu was admitted to the practice of law in the State of New York by the Third Judicial Department on February 21, 1990, as Raymond Kingman Hsu. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) and requiring respondent to make monetary restitution to former clients and to the Lawyers' Fund for Client Protection.

In support, petitioner has demonstrated that on November 4, 1998, respondent, who was previously suspended from the practice of law by this Court pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) and 603.16 (b) (1) (224 AD2d 104), pleaded guilty in the Supreme Court of the State of New York, County of New York, to grand larceny in the fourth degree, in violation of Penal Law § 155.30, a felony. On December 10, 1998, respondent was sentenced to time served and, as part of his plea agreement, executed three affidavits of confession of judgment, two in favor of former clients in the amounts of $2,155 and $11,900 and one in favor of the Lawyers' Fund for Client Protection in the amount of $12,950.

Since respondent's conviction constitutes a felony under Judiciary Law § 90 (4) (e), he has been automatically disbarred pursuant to section 90 (4) (a) and his name should be stricken from the roll of attorneys pursuant to section 90 (4) (b).

Moreover, under Judiciary Law § 90 (6-a) (a), when an attorney is disbarred "following disciplinary proceedings at which [the Court] found, based upon a preponderance of the legally admissible evidence, that [the attorney] wilfully misappropriated or misapplied money or property in the practice of law, its order may require him or her to make monetary restitution" and may also require him or her to reimburse the Lawyers' Fund for awards made to persons whose money or property was willfully misappropriated or misapplied. Since, in this matter, the record demonstrates that respondent executed three affidavits of confession of judgment to two former clients and the Lawyers' Fund, he should be required to make restitution for the amounts specified in those affidavits.

Accordingly, respondent's name should be stricken from the roll of attorneys in the State of New York and respondent required to make monetary restitution to his former clients, Mr. Chau Shing Wong and Mr. Quan Xing Chen, as well as to the Lawyers' Fund for Client Protection, in the amounts set forth in his affidavits of confession of judgment.

ELLERIN, P. J., NARDELLI, WILLIAMS, LERNER and RUBIN, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith, and respondent directed to make monetary restitution, all as indicated.