[778 NYS2d 681]

In the Matter of TORITSEFE NANNA (Admitted as TORITSEFE OGUNWA NANNA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 17, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel,* Departmental Disciplinary Committee, New York City (*Eileen J. Shields* of counsel), for petitioner.

*Casey & Barnett, LLC (Martin F. Casey* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Toritsefe Nanna was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1990, under the name Toritsefe Ogunwa Nanna. At all relevant times, she maintained an office for the practice of law within the First Judicial Department.

Pursuant to 22 NYCRR 603.11, respondent has submitted an affidavit of resignation from the practice of law, sworn to April 15, 2004. The Disciplinary Committee has made a motion seeking an order accepting respondent's affidavit of resignation, striking her name from the roll of attorneys, and ordering her to pay restitution pursuant to Judiciary Law § 90 (6-a).

Respondent's affidavit of resignation appears to be in full compliance with 22 NYCRR 603.11. Respondent acknowledges that there are eight disciplinary complaints pending against her. Those complaints allege neglect of eight client matters by failing to file immigration visa petitions for which she was retained; making misrepresentations to clients to conceal her neglect; and, in one instance, altering a document issued by the United States Department of Labor to support her misrepresentations to a client that she was doing the work.

In addition, respondent has acknowledged that over the course of the Committee's investigation she made misrepresentations to the Committee and created false documents for her client files. Those files contained, among other things, completed visa applications that she had signed and backdated to make them look as if they had been filed; supporting letters from employers, which she signed and back dated, describing nonexistent job openings for applicants; and a Department of Labor certification that respondent altered to fit four other client matters.

Respondent asserts further that if formal disciplinary charges were brought based on these matters, she could not successfully defend herself. She further states that her resignation is freely and voluntarily rendered, she is not being subjected to coercion or duress, she is represented by counsel, and she is fully aware of the implications of submitting her resignation. She also expresses her deep regret and apologizes for her dishonorable misconduct.

During the course of her deposition before the Committee, respondent admitted to her misconduct and readily agreed to repay complainants for fees they had paid her for work she did not complete. Although she has already paid three complainants, she testified with respect to the remaining five complainants and listed the amounts she owes them, which total $14,050. In her affidavit of resignation, she again specifically identifies the five complainants to whom she owes money for taking unearned fees, and has listed the exact amount owed each individual. Respondent asserts that she intends to reimburse these named complainants or the Lawyers' Fund for Client Protection, in the event the Fund renders awards to such clients before she has made reimbursement. She also states that she is aware that the Court may direct her to make restitution to her former clients or the Fund, that any such order may be entered as a civil judgment against her, and that she waives her opportunity to be heard in opposition thereto.

The Committee notes that Judiciary Law § 90 (6-a) (a) permits this Court to order an attorney to make monetary restitution for money or property that was willfully misappropriated or misplaced, and may also require him or her to reimburse the Lawyers' Fund for Client Protection for awards made to persons whose money was misappropriated. Since respondent has specifically admitted her misconduct, and identified her victims and the amounts owed, the Committee asks this Court to require such restitution. The Committee points out that this Court has recently issued restitution orders when the request sufficiently identified the victims and the amount misappropriated (*see Matter of Stevens*, 294 AD2d 1, 9 [2002], *lv denied* 98 NY2d 611 [2002], *cert denied sub nom. Stevens v Departmental Disciplinary Comm. for App. Div., Sup. Ct. of N.Y., First Jud. Dept.*, 538 US 979 [2003]; *Matter of Hsu*, 257 AD2d 309, 310-311 [1999]).

Respondent's counsel has submitted a letter advising this Court that they will not file a response to the Committee's motion seeking the acceptance of respondent's affidavit of resignation.

On our review, we find that respondent's affidavit of resignation complies with 22 NYCRR 603.11, and that the Committee's motion should be granted to the extent indicated.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted and her name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to April 15, 2004. Respondent is ordered to make

monetary restitution to the former clients identified in her affidavit of resignation of fees paid by such clients but unearned by respondent, as set forth in respondent's affidavit, or to the Lawyer's Fund for Client Protection to the extent it reimburses such clients for such unearned fees before respondent makes such restitution, in the amounts specified in respondent's affidavit of resignation, to wit, to Cyril Egunlayi in the amount of $2,610; to Nellie Samuel in the amount of $2,330; to O. A. Vanderpuye in the amount of $4,000; to Eric VanBuskirk in the amount of $2,500; and to Tolu Akisanya in the amount of $2,610.

NARDELLI, J.P., LERNER, FRIEDMAN, MARLOW and GONZALEZ, JJ., concur.

Respondent's resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 15, 2004, and respondent directed to make restitution, as indicated.