[791 NYS2d 826]

In the Matter of SAMUEL TANNENBAUM, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral L. Bratton* of counsel), for petitioner.

*Singer Netter Dowd & Berman,* New York City (*Edward M. Berman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Samuel Tannenbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on March 30, 1949. Respondent is also admitted to practice in the State of Connecticut. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moved, inter alia, for an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) immediately suspending respondent from the practice of law based upon uncontested evidence of professional misconduct involving estate funds. On March 10, 2005, that motion was granted (16 AD3d 66 [2005]). In the interim, formal charges were filed against respondent and, in an unpublished order dated January 21, 2005, a Referee was appointed to conduct a hearing on the disciplinary matter. Respondent thereafter submitted an affidavit of resignation sworn to December 29, 2004. The Departmental Disciplinary Committee now seeks on order pursuant to 22 NYCRR 603.11 accepting such resignation, as well as an order pursuant to Judiciary Law § 90 (6-a) (a) ordering respondent to make monetary restitution and, where appropriate, to the Lawyers' Fund for Client Protection.

Respondent's affidavit of resignation complies with the criteria of 22 NYCRR 603.11 in that he acknowledges that there is a pending disciplinary investigation against him based upon allegations of misconduct involving misappropriation of estate funds to his own use in the aggregate amount of $320,056, that he cannot successfully defend himself on the merits against the charge that he misappropriated estate funds to the extent of $303,164.50, that his resignation is submitted freely, voluntarily and without coercion or duress, and he is fully aware that his name will be stricken from the roll of attorneys.

Judiciary Law § 90 (6-a) (a) authorizes us to order an attorney to make monetary restitution for money that was willfully misappropriated or misplaced, and further authorizes us to require reimbursement to the Lawyers' Fund for Client Protection "for awards made to the person whose money or property was wilfully misappropriated or misapplied." We have issued such restitution orders where the victim and the amount misap-

propriated are sufficiently identified (*see Matter of Nanna,* 9 AD3d 230 [2004]; *Matter of Hsu,* 257 AD2d 309, 310-311 [1999]).

Respondent has specifically admitted his misconduct, has identified the estate and a specific amount misappropriated from that estate.

Accordingly, the branch of the Committee's motion pursuant to 22 NYCRR 603.11 should be granted, and respondent's name stricken from the rolls of attorneys, effective immediately. Further, the branch of the Committee's motion pursuant to Judiciary Law § 90 (6-a) (a) should also be granted, respondent directed to make restitution to the estate in the admitted amount of $303,164.50 or to the Lawyers' Fund for Client Protection for any awards made by the Fund as a result of his misconduct.

FRIEDMAN, J.P., MARLOW, NARDELLI, SWEENY and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 29, 2004. Monetary restitution directed, as indicated.