[832 NYS2d 144]

In the Matter of JERRY M. VASQUEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 15, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Nicole Corrado* of counsel), for petitioner.

*Ramon W. Pagan* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jerry M. Vasquez was admitted to the practice of law in the State of New York by the First Judicial Department on May 2, 1988. At all times relevant herein, respondent was a solo practitioner with an office within the First Judicial Department.

The Disciplinary Committee seeks an order accepting respondent's affidavit of resignation and striking his name from the roll of attorneys, effective immediately, pursuant to 22 NYCRR 603.11, and directing respondent to make restitution to Patsy Lopez in the sum of $5,000 and, where appropriate, to the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a).

The Committee's motion should be granted. Respondent's affidavit of resignation sworn to November 16, 2006, complies with 22 NYCRR 603.11 in that he states that his resignation is submitted freely, voluntarily and without coercion or duress, that he is fully aware of the implications of submitting his resignation, he is aware that the Committee is investigating complaints of professional misconduct against him, and further acknowledges that if charges were brought predicated upon those complaints, which include allegations of intentional conversion and/or misappropriation of client and/or third party funds held in escrow, he would be unable to successfully defend himself (*see e.g. Matter of Lieberman,* 23 AD3d 91 [2005]). Specifically, respondent acknowledges that a check for $45,500 has been dishonored from his escrow account, a complaint alleging neglect has been filed against him, and another complaint alleges he failed to release $5,000 he was holding in escrow for the benefit of Patsy Lopez relating to a real estate transaction.

The branch of the Committee's motion pursuant to Judiciary Law § 90 (6-a) should also be granted. Judiciary Law § 90 (6-a) (a) authorizes this Court to order an attorney to make monetary restitution for money that was wilfully misappropriated or misapplied in the practice of law, and further authorizes us to require reimbursement to the Lawyers' Fund for Client Protection for awards made to the person whose money was misappropriated. In addition, section 90 (6-a) (d) provides:

"An order issued pursuant to this subdivision may be entered as a civil judgment. Such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due thereunder, or by the lawyers' fund for client protection where it has been subrogated to the rights of such person."

This Court has issued such restitution orders where the victim and the amount misappropriated are sufficiently identified (*see* *Matter of Nanna*, 9 AD3d 230 [2004] [resigned attorney who kept unearned fees directed to reimburse clients or the Fund specific amounts retained]; *Matter of Hsu*, 257 AD2d 309, 310-311 [1999] [restitution ordered to former clients and to Lawyers' Fund in amounts set forth in the respondent's affidavits of confession of judgment]).

The Committee states that it has conferred with the Lawyers' Fund which advised that there is currently a claim pending against respondent whereby an award for $5,000 is requested for the benefit of Ms. Lopez. The Fund has asked that respondent be directed to make restitution pursuant to Judiciary Law § 90 (6-a), since such an order may serve as a civil judgment in favor of Ms. Lopez or the Fund in the event that a reimbursement award were to be granted (*see Matter of Tannenbaum*, 17 AD3d 44 [2005]). Given respondent's admission that he cannot defend himself against the allegation that he failed to release $5,000 he was holding in escrow on behalf of Ms. Lopez, the Committee also asks this Court to require such restitution.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.11 should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 16, 2006, the date of his affidavit of resignation. Further, the branch of the Committee's motion pursuant to Judiciary Law § 90 (6-a) (a) should also be granted, respondent directed to make restitution to Patsy Lopez in the admitted amount of $5,000 or to the Lawyers' Fund for Client Protection for any awards made by the Fund as a result of his misconduct.

SULLIVAN, J.P., WILLIAMS, SWEENY, CATTERSON and MALONE, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 16, 2006, as indicated.