[834 NYS2d 26]

In the Matter of GARY L. BERENHOLTZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 27, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Gary L. Berenholtz was admitted to the practice

of law in the State of New York by the Second Judicial Department on October 23, 1974. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On November 14, 2006, respondent pleaded guilty to grand larceny in the second degree (Penal Law § 155.40 [1]) after being indicted on charges arising out of his theft of $63,000 from his former law partner's business account only days after his partner's death. That same day, he was charged in a superior court information with three additional counts of grand larceny in the second degree. Also that day, he pleaded guilty to these charges, admitting that he stole more than $300,000 from various clients by retaining funds to which they were entitled either as a result of real estate closings or as beneficiaries of wills.

On January 9, 2007, respondent executed a sentencing and restitution order agreeing to make restitution to the complainants totaling approximately $466,376. On January 23, 2007, based upon his guilty pleas to the four counts of grand larceny in the second degree, respondent was sentenced to 1 to 3 years imprisonment. That same day, he repaid the funds stolen from his former partner and the restitution order was amended accordingly.

The Departmental Disciplinary Committee (Committee) now seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of felony offenses as defined by Judiciary Law § 90 (4) (e). The Committee further seeks an order directing respondent to make restitution in the sum of $403,376.62 to the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Respondent did not submit any opposition to the petition.

The portion of the Committee's motion made pursuant to section 90 (4) (b) should be granted. Since each of the offenses for which respondent has been convicted constitute a felony under Judiciary Law § 90 (4) (e), he has been automatically disbarred pursuant to section 90 (4) (a) and his name should be stricken from the roll of attorneys in this State pursuant to section 90 (4) (b) (see Matter of Lee, 25 AD3d 51 [2005]).

That portion of the Committee's petition seeking a restitution order also should be granted. Judiciary Law § 90 (6-a) (a) authorizes this Court to order an attorney who has been found to have wilfully misappropriated or misapplied money or property in the practice of law to make monetary restitution. This

Court has issued such restitution orders directing that the misappropriated or misapplied funds be paid either to the victims or to the Lawyers' Fund for Client Protection (*see e.g. Matter of Vasquez*, 39 AD3d 159 [2007]; *Matter of Nanna*, 9 AD3d 230 [2004]). In lieu of making restitution to the Lawyers' Fund for Client Protection, respondent is directed, consistent with the sentencing and restitution order, to make restitution to the Estate of Beth Roth Clift Moriarity c/o Jennifer Powell and Christopher Clift in the amount of $112,446.62; the Estate of Maria Gargano c/o Michele DeDomenico in the amount of $112,000; and Hamdy Kishk in the amount of $178,930, by paying said amounts to Safe Horizon as the designated restitution agency.

Accordingly, the petition should be granted, the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to the date of entry of his guilty pleas, November 14, 2006, and respondent directed to make monetary restitution as indicated.

NARDELLI, J.P., WILLIAMS, BUCKLEY, SWEENY and McGUIRE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 14, 2006. Respondent directed to make monetary restitution, as indicated.