[845 NYS2d 239]

In the Matter of CHASE A. CARO (Admitted as CHASE ARTHUR CARO), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Kostelanetz & Fink, LLP* (*Sharon L. McCarthy* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Chase A. Caro was admitted to the practice of law in the State of New York by the Second Judicial Department on December 5, 1990 and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

Previously, this Court suspended respondent from the practice of law until further order based upon evidence of misconduct which threatened the public interest (*Matter of Caro*, 40 AD3d 43 [2007]). The Committee had presented uncontested evidence that respondent converted client funds and that he committed serious professional misconduct posing an immediate threat to the public interest (*see* 22 NYCRR 603.4 [e] [1] [iii]).

. On June 21, 2007, respondent pleaded guilty to one count of grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony. The plea was to a charge in a superior court information accusing respondent of stealing approximately $367,000 from a former client, Herbert Newkirk. The plea also satisfied a felony complaint charging respondent with one count of grand larceny in the second degree (Penal Law § 155.40 [1]) for stealing approximately $311,000 from two other former clients, Frank and Francesca Salvi. Respondent was scheduled to be sentenced on October 29, 2007.

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to Judiciary Law § 90 (4) (a) striking respondent's name from the roll of attorneys on the ground that he was disbarred upon his conviction for a felony offense. The Committee also seeks an order pursuant to Judiciary Law § 90 (6-a) directing respondent to make restitution.

Respondent ceased being an attorney in New York upon the entry of his plea of guilty (*see* Judiciary Law § 90 [4] [a], [e]).

Judiciary Law § 90 (6-a) (a) authorizes this Court to order an attorney who has been found to have wilfully misappropriated or misapplied money or property in the practice of law to make monetary restitution. This Court has issued such restitution orders directing that the misappropriated or misapplied funds be paid either to the victims, the Lawyers' Fund for Client Protection (the Fund), or both (*see e.g. Matter of Berenholtz*, 40

AD3d 162 [2007]; *Matter of Vasquez*, 39 AD3d 159 [2007]). Here, respondent admitted during his plea colloquy and in his papers on this motion that he must provide restitution to Newkirk and the Salvis, and consented to the entry of an order requiring him to make restitution to Newkirk and the Salvis. Therefore, respondent must make restitution to those former clients to the extent they have not been reimbursed by the Fund—Newkirk is owed $150,143 and the Salvis are owed $9,126. Additionally, respondent must make restitution to the Fund for the amounts paid out to Newkirk and the Salvis—$602,799.

The Committee also seeks to compel respondent to make restitution to two others, Stanley Karwowski and the Caroline R. Fox Trust. This aspect of the petition, however, is premature. Disciplinary actions and claims to the Fund regarding the Karwowski and Fox matters are pending, and no evidence has been adduced on this motion demonstrating that respondent wilfully misappropriated the funds of either Karwowski, Fox, or both. Thus, this aspect of the petition is denied.

Accordingly, the petition should be granted, the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to the date of entry of his guilty plea, June 21, 2007, and respondent directed to make monetary restitution to the extent indicated.

NARDELLI, J.P., WILLIAMS, BUCKLEY, CATTERSON and McGUIRE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 21, 2007. Respondent directed to make monetary restitution, as indicated.