[866 NYS2d 3]

In the Matter of MANUEL S. MARTINEZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 23, 2008

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral N. Bratton* of counsel), for petitioner.

*Manuel S. Martinez*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Manuel S. Martinez was admitted to the practice of law in the State of New York by the First Judicial Department on July 8, 1985. According to the records of the Office of Court Administration, respondent has been delinquent in his attorney registration since 1999, and his last known address for the practice of law was located within this Judicial Department.

On April 16, 2008, a jury sitting in Supreme Court, New York County, returned a verdict convicting respondent of murder in the second degree in violation of Penal Law § 125.25 (1), a class A-I felony, and of criminal solicitation in the second degree in violation of Penal Law § 100.10, a class D felony. Respondent was found guilty of orchestrating the murder of a client's husband during a bitter divorce proceeding in 1990. On May 9, 2008, respondent was sentenced to a term of imprisonment of 25 years to life on the murder count, and 28 months to 7 years on the criminal solicitation count.

The Departmental Disciplinary Committee now moves for an order striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (see Judiciary Law § 90 [4] [b]; Matter of Caro, 46 AD3d 136 [2007] [automatic disbarment upon conviction of felony of grand larceny in the second degree]). For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (Matter of Sheinbaum, 47 AD3d 49 [2007]).

Respondent has submitted a pro se response to the petition, acknowledging that his felony conviction is grounds for automatic disbarment. However, he goes on to claim, among other things, that he was wrongfully convicted. As the Committee argues in reply, respondent's attacks on his criminal convictions are not cognizable in this disciplinary proceeding.

As a result of respondent's felony convictions, he automatically ceased to be an attorney by operation of law and his name should be stricken from the roll of attorneys (Judiciary Law § 90 [4] [a], [b]; Matter of Brown, 51 AD3d 76 [2008]; Matter of Berenholtz, 40 AD3d 162 [2007]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to April 16, 2008.

LIPPMAN, P.J., ANDRIAS, FRIEDMAN, RENWICK and DEGRASSE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 16, 2008.