[938 NYS2d 886]

In the Matter of ANDREW L. SCHWAB (Admitted as ANDREW LAURENCE SCHWAB), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 28, 2012

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew Laurence Schwab was admitted to the

practice of law in the State of New York by the First Judicial Department on January 27, 1982. At all times relevant to these proceedings, respondent maintained his principal place of business within the First Judicial Department.

In March 2011, respondent was charged in an indictment filed in Supreme Court, New York County, with four counts of grand larceny in the third degree (Penal Law § 155.35), a class D felony, and scheme to defraud in the first degree (Penal Law § 190.65), a class E felony.

On August 11, 2011, respondent pleaded guilty to one count of grand larceny in the third degree in full satisfaction of the charges. Respondent admitted during his plea allocution that on or about October 6, 2008 to on or about April 18, 2010, he stole property valued in excess of $3,000 from A. Sharma.

On September 8, 2011, respondent was sentenced to an indeterminate prison term of 1 to 3 years, and certain costs and surcharges.

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*see Matter of Caro*, 46 AD3d 136 [2007]; *Matter of Szegda*, 42 AD3d 193 [2007]; *Matter of Lee*, 25 AD3d 51 [2005]). Respondent, pro se, has not submitted a response to this petition.

For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*Matter of Sheinbaum*, 47 AD3d 49 [2007]). Respondent's conviction of the class D felony of grand larceny in the third degree constitutes grounds for his automatic disbarment (*Matter of Armenakis*, 86 AD3d 205 [2011]; *Matter of Bernstein*, 78 AD3d 94 [2010]; *Matter of Cherry*, 51 AD3d 119 [2008]; *Matter of Berenholtz*, 40 AD3d 162 [2007]).

Accordingly, the Committee's petition, pursuant to Judiciary Law § 90 (4) (a) and (b), should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 11, 2011.

Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 11, 2011.