[998 NYS2d 382]

In the Matter of Stephen R. Krawitz, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 8, 2015

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Norma I. Lopez* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Katie M. Lachter* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stephen R. Krawitz was admitted to the practice of law in the State of New York by the Second Judicial Department on January 25, 1978. At all times relevant herein, respondent was a solo practitioner with an office within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order accepting respondent's affidavit of resignation and striking his name from the roll of attorneys, effective immediately, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, and directing respondent to make restitution to 24 clients in the sum of $549,267.18 and, where appropriate, to the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) as a result of his misconduct. The Committee also seeks an order appointing an attorney(s) pursuant to 22 NYCRR 603.13 (g) to inventory respondent's files, to act as a receiver of client funds in bank accounts maintained by respondent, if any, and to take any necessary action to protect the interests of his former clients.

The Committee's motion should be granted. Respondent's affidavit of resignation sworn to August 20, 2014, complies with 22 NYCRR 603.11 in that he states that his resignation is submitted freely, voluntarily and without coercion or duress, that he is fully aware of the implications of submitting his resignation, he is aware that the Committee is investigating complaints of professional misconduct against him, and further acknowledges that if charges were brought predicated upon those complaints, which include allegations of intentional conversion and/or misappropriation of client funds held in escrow, he would be unable to successfully defend himself (*see e.g. Matter of Lieberman,* 23 AD3d 91 [2005]). Specifically, respondent acknowledges that he received settlement funds from 24 separate clients and converted the funds, totaling $549,267.18, to his own personal use, without permission or authorization from any of the individual clients.

The branch of the Committee's motion pursuant to Judiciary Law § 90 (6-a) should also be granted. Judiciary Law § 90 (6-a)

(a) authorizes this Court to order an attorney to make monetary restitution for money that was wilfully misappropriated or misapplied in the practice of law, and further authorizes us to require reimbursement to the Lawyers' Fund for Client Protection for awards made to the person whose money was misappropriated. In addition, section 90 (6-a) (d) provides:

"An order issued pursuant to this subdivision may be entered as a civil judgment. Such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due thereunder, or by the lawyers' fund for client protection where it has been subrogated to the rights of such person."

This Court has issued such restitution orders where the victims and the amounts misappropriated are sufficiently identified (see Matter of Nanna, 9 AD3d 230 [2004] [resigned attorney, who kept unearned fees, directed to reimburse clients or the Fund specific amounts retained]; Matter of Hsu, 257 AD2d 309, 310-311 [1999] [restitution ordered to former clients and to Lawyers' Fund in amounts set forth in the respondent's affidavits of confession of judgment]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.11 should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 20, 2014, the date of his affidavit of resignation. Further, the branch of the Committee's motion pursuant to Judiciary Law § 90 (6-a) (a) should be granted, respondent directed to make restitution to the 24 clients listed in respondent's affidavit of resignation in the admitted total amount of $549,267.18 or to the Lawyers' Fund for Client Protection for any awards made by the Fund as a result of his misconduct, with said amounts to be reduced by documentary proof of payment by respondent. Further, the branch of the Committee's motion to appoint an attorney(s) pursuant to 22 NYCRR 603.13 (g) to inventory respondent's files, to act as a receiver of escrow funds in IOLA accounts maintained by respondent, if any, and to take any necessary action to protect the interests of his former clients, should also be granted.

GONZALEZ, FRIEDMAN, SWEENY, JR., RENWICK and ANDRIAS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 20, 2014, and receiver appointed, as indicated.