OPINION OF THE COURT
David F. Everett, J.
In the case at bar, Stephen R. Krawitz, of Stephen R. Krawitz, LLC, the original attorney in the above-captioned personal injury action, is disqualified from receiving the portion of the attorneys’ fees to which he would be entitled (on a quantum meruit basis) had he not violated the Rules of Professional Conduct by virtue of his conflicting representation. Conversely, Krawitz’s disqualification from receiving attorneys’ fees does not entitle current counsel, Marcel Weisman, LLC, to receive attorneys’ fees for work they did not perform. The Weis-man firm is entitled to attorneys’ fees on a quantum meruit basis, which in this court’s discretion is 90% of the net attorneys’ fees recovered. In the interest of justice, the court finds that the balance of 10% of the net attorneys’ fees, to which Krawitz would have been entitled, is to be forwarded to The Lawyers’ Fund for Client Protection of the State of New York, which has paid out an aggregate of $1,828,437 to 75 individual former clients defrauded by Krawitz, and which has only recovered $22,058 in restitution.
The underlying facts, as relevant to this fee dispute, are that plaintiff Oudi Arroni, by his original attorney Krawitz, commenced the above-captioned action by filing a summons and complaint in the Office of the Westchester County Clerk on April 22, 2013, to recover damages for injuries he allegedly sustained when, on June 2, 2012, the balcony railing he was leaning against at a residence located at 58 Broadway, Ossin-ing, New York, gave way, causing him to fall to the ground below. Defendants David Black (D. Black) and Kasturi Black (K. Black) were named as defendants based on their ownership of the premises, and Schembari was named as a defendant based on its installation of the balcony railing. Issue was joined by service of D. Black and K. Black’s joint answer on or about May 9, 2013, and by service of Schembari’s answer on or about June 11, 2013.
It is undisputed that, after commencing Arroni’s personal injury action, Krawitz was retained by K. Black on or about *911 August 19, 2013, to represent her in a divorce proceeding against her husband and codefendant, D. Black. It is also undisputed that in or about April 2014, Arroni discharged Krawitz as his counsel in his personal injury case and engaged the Weisman firm. At some point, Krawitz was also discharged as K. Black’s attorney in her matrimonial case. The Weisman firm contends that Arroni discharged Krawitz when he (Arroni) discovered the conflicting representation. Krawitz, however, claims that both Arroni and K. Black, whom he states were involved in a relationship, wanted him to represent K. Black in her matrimonial case, despite his advising them both that this would present a perceived conflict of interest.
In August 2014 Krawitz resigned from the practice of law, and his name was stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 20, 2014, by order of the Appellate Division, First Department. This resignation was in connection with complaints of professional misconduct, including allegations, unrelated to this case, of intentional conversion and/or misappropriation of client funds held in escrow (see Matter of Krawitz, 124 AD3d 198 [1st Dept 2015]). Krawitz was subsequently convicted, by pleas of guilty, of grand larceny in the second degree and scheme to defraud in the first degree stemming from charges that he stole client funds. He is currently serving a prison sentence at Clinton Correctional Facility.
Currently before the court is a fee dispute between Krawitz and the Weisman firm. Krawitz claims entitlement to a portion of the attorneys’ fees commensurate with his representation of Arroni. The Weisman firm contends that Krawitz should be disqualified from receiving any attorneys’ fees in this action and that it is entitled to recover the entire $98,945 in net attorneys’ fees. This, the Weisman firm contends, is because Ar-roni’s discharge of Krawitz as his counsel of record should be deemed a discharge for just cause, based on a conflict of interest in violation of the Rules of Professional Conduct. Based on the retainer agreement of 33V3%, a settlement amount of $300,000, and disbursements in the amount of $3,165, the net amount received by Arroni is $197,890, and the amount of the net attorneys’ fees is $98,945.*
*912 The Weisman firm supports its motion with copies of: Krawitz’s disciplinary proceeding (Matter of Krawitz); the executed consent to change attorney dated April 24, 2014; correspondence between attorneys regarding the transfer of the Arroni file to the Weisman firm; and correspondence between counsel, including Krawitz, presenting their respective positions on splitting the $98,945 attorneys’ fees, together with the affirmation of Kerry Klein, Esq., an attorney associated with the Weisman firm, explaining the firm’s position. According to Mr. Klein, upon taking over the prosecution of Arroni’s action, the Weisman firm appeared at eight compliance conferences, obtained medical records, conducted five depositions, responded to multiple discovery demands, conducted both in-person and telephone conferences with Arroni, filed the note of issue, attended private mediation, appeared at two settlement conferences, prepared for trial, and successfully negotiated a global settlement of the action. Mr. Klein asserts that the Weisman firm is entitled to the full one-third legal fee pursuant to the retainer. He further asserts that Krawitz’s discharge should be considered a discharge for just cause, as he was representing K. Black as a plaintiff in her matrimonial action at the same time that she was a defendant in Arroni’s personal injury action, in violation of the disciplinary rules. This, the Weisman firm contends, disqualifies Krawitz from receiving any fee for any of the services he rendered, and supports the firm’s claim for the entire fee.
In opposition, Krawitz argues that he is entitled to a share of the fee based on his: preliminary investigation of the premises, including obtaining an expert’s report; commencement of the action; attendance at the preliminary discovery conference; and service of a bill of particulars, and based on the fact that he is not disqualified from receipt of payment for his work, because his discharge was on consent, rather than for cause.
It is a rule in New York that an attorney may not collect a fee in a personal injury action if the attorney violated the Rules of Professional Conduct (22 NYCRR 1200.0). Rule 1.7 (a) of the Rules of Professional Conduct states, in pertinent part, “with respect to conflicts of interests involving current clients, that a lawyer shall not represent a client if a reasonable lawyer would conclude that ‘the representation will involve the lawyer in representing differing interests’ ” (Shelby v Blakes, 129 AD3d 823, 825 [2d Dept 2015]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [1]).
*913 Here, Krawitz created a clear conflict of interest, in violation of the Rules of Professional Conduct (id.), by representing K. Black in her matrimonial action against her husband D. Black, while simultaneously representing Arroni in his personal injury action against K. Black and D. Black. Contrary to Krawitz’s assertion, the failure of the consent to change attorney document to include the words “discharge for cause” is not conclusive of the issue. Krawitz’s concurrent representation of Arroni and K. Black is a disqualifying conflict of interest, and his self-serving comment that he had “the distinct impression that . . . Arroni would have discharged me from representing him had I declined to represent [K. Black]” (aff in opp at 19) is unavailing.
An intervenor affirmation was submitted by nonparty Wein-garten Financial Funding Inc., an entity which claims to have advanced certain sums to Krawitz at the request of Arroni and Krawitz. Weingarten asserts that the funds were used by Krawitz to further the prosecution of the subject personal injury action. Weingarten argues that it is entitled to be repaid from the portion of the attorneys’ fee that should be allocated to Krawitz. Weingarten insists that there is no evidence that the purported conflict of interest detrimentally affected the prosecution or outcome of Arroni’s case, and it dismisses Krawitz’s disbarment as unrelated to the work he performed on behalf of Arroni.
The court has reviewed the record and documentary submissions, and has considered the arguments proffered by the Weis-man firm, Krawitz and Weingarten, and finds that the Weis-man firm is entitled to 90% of the net attorneys’ fees for the work it performed once it took over Arroni’s representation.
The court takes judicial notice of the fact that the Fund paid out an aggregate of $1,828,437 in awards to 75 former clients of Krawitz. According to the Fund, the awards were made to reimburse Krawitz’s former clients for losses caused by his dishonest conduct in his practice of law, and it (the Fund) has only recovered $22,058 in restitution. Therefore, in the discretion of the court and in the interest of justice, it is appropriate for the balance of 10% of the net attorneys’ fees, to which Krawitz would be entitled had he not violated the Rules of Professional Conduct by his dual representation of Arroni and K. Black, to be forwarded to the Fund.
Inasmuch as this court has found that Krawitz is disqualified from receiving any portion of the $98,945 attorneys’ fee, *914 Weingarten cannot collect under the terms of its agreement with Krawitz, as then-counsel for Arroni.
Accordingly, it is hereby ordered that out of the net attorneys’ fee of $98,945, the Weisman firm shall retain a total $89,050.50, and it is further ordered that the Weisman firm shall forthwith forward to The Lawyers’ Fund for Client Protection of the State of New York a check drawn on its escrow account in the sum of $9,894.50.

 The court has already allowed the Weisman firm to take out 50% of the net attorneys’ fees and to hold it in escrow pending resolution of the instant matter.