Matter of Kossoff (2022 NY Slip Op 02201)





Matter of Kossoff


2022 NY Slip Op 02201


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Sallie Manzanet-Daniels
Troy K. Webber
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2022-00436 Case No. 2021-01511 

[*1]In the Matter of Mitchell H. Kossoff, (Admitted as Mitchell Hal Kossoff) an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mitchell H. Kossoff, (OCA Atty Reg. No. 1627421.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 16, 1979.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Walter Mack, Esq., for respondent.



Per Curiam 


Respondent Mitchell H. Kossoff was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1979, under the name Mitchell Hal Kossoff. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
On December 13, 2021, respondent entered a plea of guilty in Supreme Court, New York County to one count of scheme to defraud in the first degree (Penal Law §190.65[1][B] - class E felony), one count of grand larceny in the first degree (Penal Law §155.42 - class B felony), one count of grand larceny in the second degree (Penal Law §155.40[1] - class C felony), and one count of grand larceny in the third degree (Penal Law §155.35[1] - class D felony).
Respondent admitted that from at least December 21, 2o17 to April 9, 2021, as an attorney duly licensed to practice in New York and a sole member of Kossoff PLLC Law Firm, he defrauded multiple clients and other persons involved in matters relating to his clients by falsely representing certain funds would be held in escrow, and he then intentionally stole those funds. He specifically admitted to stealing a total of more than $1,053,000.00. Respondent further admitted he caused the losses incurred by 35 individuals and entities listed as victims in an appendix to his plea agreement, and that
he "owe[s] those amounts to those victims." The losses to the victims listed in the appendix totaled more than 14 million dollars.
The Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.12(c)(1) and Judiciary Law § 90(4)(a) and (b), on the grounds that he was convicted of multiple felonies as defined by Judiciary Law § 90(4)(e) and must therefore be automatically disbarred. Respondent's counsel was served with a copy of this motion but has not submitted a response.
Even though respondent has yet to be sentenced, the AGC's application is timely since, for purposes of automatic disbarment, a conviction occurs at the time of the plea (Matter of Hanlon, 180 AD3d 51 [1st Dept 2019]; Matter of Ogihara, 121 AD3d 47 [1st Dept 2014]).
Pursuant to 22 NYCRR 1240.12 (c)(1) upon application of the AGC, after affording the respondent the opportunity to be heard, and this Court's determination that respondent committed a felony within the meaning of Judiciary Law §90(4)(e), the respondent's name shall be stricken from the roll of attorneys. Similarly, Judiciary Law §90(4)(a) provides that any person convicted of a felony pursuant to Judiciary Law §90(4)(e), "shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice as such." Judiciary Law §90(4)(b) provides that upon presentation of the conviction to this Court, "the name of the person so [*2]convicted shall, by order of the court be struck from the roll of attorneys." Judiciary Law §90(4)(e), defines the term "felony" as, "any criminal offense classified as a felony under the laws of this state."
Respondent's conviction is a proper predicate for automatic disbarment under 22 NYCRR 1240.12 (c)(1), Judiciary Law §90(4)(a) and (b) and Judiciary Law §90(4)(e).
This Court has previously disbarred attorneys convicted of the same New York felonies as respondent (see Matter of Scharf, 193 AD3d 118 [1st Dept 2021]; Matter of Arntsen, 106 AD3d 17 [1st Dept 2013]; Matter of Schwab, 94 AD3d 49 [1st Dept 2012]; Matter of Caro, 46 AD3d 136 [1st Dept 2007]).
Accordingly, as respondent's conviction constitutes grounds for disbarment, the Attorney Grievance Committee's motion should be granted and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 13, 2021.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of the respondent, Mitchell H. Kossoff, admitted as Mitchell Hal Kossoff, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Mitchell H. Kossoff, admitted as Mitchell Hal Kossoff, is disbarred, effective December 13, 2021, and his name is stricken from the roll of attorneys and counselors-at-law; and,
IT IS FURTHER ORDERED that the respondent, Mitchell H. Kossoff, admitted as Mitchell Hal Kossoff, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Mitchell H. Kossoff, admitted as Mitchell Hal Kossoff, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Mitchell H. Kossoff, admitted as Mitchell Hal Kossoff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: March 31, 2022