Matter of Cohen (2024 NY Slip Op 01676)

Matter of Cohen

2024 NY Slip Op 01676

Decided on March 26, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Peter H. Moulton
David Friedman
Tanya R. Kennedy
LlinÉt M. Rosado, JJ.

Motion No. 2024-00065 Case No. 2024-00045 

[*1]In the Matter of Arthur G. Cohen (Admitted as Arthur Gerald Cohen), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Arthur G. Cohen (OCA ATTY. REG. NO. 1470772), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Arthur G. Cohen, was admitted, as Arthur Gerald Cohen, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 25, 1976.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City
(Raymond Vallejo, Esq., of counsel), for petitioner.
Jacob Kaplan, Esq., for respondent.

PER CURIAM 

Respondent Arthur G. Cohen was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1976, under the name Arthur Gerald Cohen. He was engaged in the practice of law within the First Judicial Department during certain of the events at issue.
On September 5, 2023, respondent was convicted in Supreme Court, New York County, upon his plea of guilty, of grand larceny in the first degree, a class B felony (Penal Law § 155.42); three counts of criminal tax fraud in the third degree, a class D felony (Tax Law § 1804); two counts of criminal tax fraud in the fourth degree, a class E felony (Tax Law § 1803); offering a false instrument for filing in the second degree, a class A misdemeanor (Penal Law § 175.30); and perjury in the third degree, a class A misdemeanor (Penal Law § 210.05).
Respondent's conviction stemmed from his admission to stealing more than $1 million over six years from his former employer and failing to declare the funds on his New York State income tax returns. Respondent further filed a civil action in Supreme Court, New York County, against his former employer, in which he falsely swore that the defendants had wrongfully accused him of stealing from the firm.
The Attorney Grievance Committee (AGC) moves to strike respondent's name from the roll of attorneys pursuant to Judiciary Law §§ 90 (4) (a), (b), and (e), and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1) on the ground that respondent has been automatically disbarred by virtue of his conviction of a felony.
AGC served respondent with this motion by email and first-class mail. Respondent did not submit a response.
Judiciary Law § 90 (4) (a) provides that any attorney "convicted of a felony . . . shall[,] upon such conviction, cease to be an attorney . . . ." For this purpose, a felony includes "any criminal offense classified as a felony under the laws of this state" (Judiciary Law § 90 [4] [e]). Once an attorney has been convicted of a felony, "there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys" (Judiciary Law § 90 [4] [b]; see 22 NYCRR 1240.12 [c] [1]). The certified certificate of disposition of the judgment [*2]of respondent's conviction submitted by the AGC in this case satisfies Judiciary Law § 90 (4) (e)'s requirement that this Court be presented with a certified or exemplified copy of the judgment of conviction (see Matter of Ferrandino, 18 AD3d 116, 117 [1st Dept 2005]; see also e.g. Matter of Hutchins, 170 AD3d 110, 111 [2d Dept 2019]).
We find that AGC established that respondent has been convicted of a New York felony, which constitutes grounds for automatic disbarment under Judiciary Law § 90 (see e.g. Matter of Kossoff, 204 AD3d 167, 168-169 [1st Dept 2022]; Matter of Galloway, 135 AD3d 193, 194 [1st Dept 2015]).
Accordingly, AGC's motion should be granted, and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in accordance with Judiciary Law § 90 (4) (a) and (b) and 22 NYCRR § 1240.12 (c) (1) in the State of New York, effective nunc pro tunc to September 5, 2023.
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), disbarring respondent Arthur G. Cohen, admitted as Arthur Gerald Cohen, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to September 5, 2023; and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Arthur G. Cohen, admitted as Arthur Gerald Cohen, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Arthur G. Cohen, admitted as Arthur Gerald Cohen, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Order that if respondent, Arthur G. Cohen, admitted as Arthur Gerald Cohen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 26, 2024